UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISA ROGERS,**

        **Plaintiff,**

v.                                         Case No: 6:23-cv-676-PGB-DCI

**HOA RESTAURANT HOLDER, LLC,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Defendant HOA Restaurant Holder, LLC's ("**Defendant**") Motion to Dismiss the Amended Complaint, or in the alternative, for a more definite statement (Doc. 10 (the "**Motion**")), and Plaintiff Lisa Rogers' ("**Plaintiff**") response in opposition (Doc. 15 (the "**Response**")). Upon consideration, Defendant's Motion is due to be granted in part and denied in part.

**I.    BACKGROUND[1]**

Plaintiff brings this action for damages resulting from a visit to Defendant's restaurant on February 28, 2020. (Doc. 8, ¶¶ 6–7). While walking towards another dining table, Plaintiff's shoe got stuck "underneath a raised aluminum flashing

---

[1] This account of the facts comes from Plaintiff's First Amended Complaint (Doc. 8 (the "**Amended Complaint**")), which the Court accepts as true for the purposes of this Motion. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

separated from the floor." (*Id.* ¶ 7). As a result, Plaintiff fell to the ground and suffered bodily injury. (*Id.*). This action ensued. (Doc. 1-1).[2]

On April 20, 2023, Plaintiff filed an Amended Complaint with this Court, alleging premises liability claims that are notably unclear. (Doc. 8). Defendant then moved to dismiss, and in the alternative, requested a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 10). Plaintiff responded in opposition (Doc. 15), and the matter is now ripe for review.

## II.  DISCUSSION

Defendant contends that Plaintiff's Amended Complaint is a shotgun pleading and thus warrants dismissal or, in the alternative, a more definite statement. (Doc. 10, p. 2). The Court agrees and will articulate its reasoning below.

The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is

---

[2]   Initially, Plaintiff filed suit in state court. (Doc. 1-1). However, on April 14, 2023, Defendant removed the case to this Court. (Doc. 1). Shortly thereafter, Defendant filed its first motion to dismiss. (Doc. 6). In response, Plaintiff filed the operative Amended Complaint. (Doc. 8). Accordingly, the Court denied the initial motion to dismiss as moot. (Doc. 9).

brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Notably, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's Amended Complaint falls into the third category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23; (Doc. 8). As Defendant highlights in its Motion, under Florida premises liability law, a landowner owes a business invitee two duties: 1) "to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care," and 2) "to use ordinary care to maintain its premises in a relatively safe condition." *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011). Plaintiff appears to commingle multiple claims stemming from the aforementioned separate duties under a nondescript header labeled "CLAIMS." (Doc. 8).

Yet, the information delineated under "CLAIMS" impermissibly combines a negligent failure to warn claim with a negligent maintenance of premises claim. (*See id.*). Although both implicate theories of liability that fall under the general negligence ambit, each is a distinct cause of action—"with distinct elements requiring different factual support"—that should be pled separately. *Conner v.*

3

*Marriott Hotel Servs., Inc.*, No. 20-cv-840, 2020 WL 6873374, at *1 (M.D. Fla. Nov. 23, 2020) ("When several unclear causes of action are pled in one count—even for related theories of negligence—the best course is to order repleader."); *Thanas v. Royal Caribbean Cruises Ltd.*, No. 19-21392-Civ, 2019 WL 1755510, at *2 (S.D. Fla. Apr. 19, 2019) (collecting cases and *sua sponte* dismissing the complaint for claiming several theories of liability, including failure to investigate, failure to instruct, failure to warn, and negligent retention, under a single "negligence" count). Assuming there is more than one, Plaintiff's claims must be articulated separately as they are "separate and distinct, and a landowner's compliance with the duty to warn . . . does not necessarily mean the landowner has satisfied the duty to maintain . . . ." *Rocamonde*, 56 So. 3d at 864.

In sum, the Court can hardly decipher what specific causes of action Plaintiff attempts to set forth, much less their nature. Thus, the Amended Complaint is a quintessential shotgun pleading.

Accordingly, Defendant requests Plaintiff provide a more definite statement pursuant to Rule 12(e). Rule 12(e) allows "[a] party [to] move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e). When faced with shotgun pleadings, as in the case at bar, defendants should "move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty.*

*Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). Thus, the Court finds the instant shotgun pleading necessitates a more definite statement under Rule 12(e).

### III. CONCLUSTION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff shall file a second amended complaint in compliance with this Order and all applicable rules and law on or before June 26, 2023. Failure to timely comply with this Order will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on June 12, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5